Hyman Barshay, J.
In this article 78 of the Civil Practice Act proceeding the petitioner seeks to compel a Judge of the Criminal Court of the City of New York who denied his motion to suppress alleged illegally obtained evidence to sign and file a formal order. Petitioner does not dispute that respondent’s opinion denying his motion has been filed and that the back of the information bears the notation that the motion was denied followed by the Judge’s signature.
The respondent moves by cross motion to dismiss the petition for legal insufficiency contending that article 78 is not available to petitioner under the foregoing facts.
Mandamus is only available to enforce an administrative act positively required to be done by a provision of law and the petitioner must show a clear legal right to such relief (Matter of Walsh v. La Guardia, 269 N. Y. 437). This the petitioner has failed to do.
The Code of Criminal Procedure establishes the practice in all criminal cases and the authority for the orders and judgments of the courts. And unless we can find there some justification for an order of the court it does not exist (People ex rel. Hirschberg v. Orange County Ct., 271 N. Y. 151,155).
There is no provision in the Code of Criminal Procedure for the entry of a formal intermediate order in a criminal proceed *180 ing. However, this court takes judicial notice of the fact that in' the criminal courts of the City of New York (formerly the Court of Special Sessions) the disposition of motions is indorsed on the hack of the information filed in that court and signed by the Presiding Justice and that these decisions are reviewable on appeal as part of the judgment of conviction.
The case of People v. Baker (280 App. Div. 899), cited by petitioner in support of his application, is inapposite. That case concerned an appeal from a conviction upon defendant’s plea of guilty to the crime of assault in the third degree in the former County Court of Kings County and for which he was sentenced to imprisonment in the New York City Penitentiary. An appeal from the sentence and from ‘ ‘ the denial of the motion made after conviction” was dismissed, the court holding: “No appeal lies from the sentence (Code Grim. Pro., § 517), and no order denying any motion made after conviction is printed in the record.” (Italics added.)
Subdivision 3 of section 517 of the Code of Criminal Procedure provides in its pertinent parts as follows: “ Upon any appeal from a judgment on a conviction any actual decision of the court in an intermediate order or proceeding forming a part of the judgment-roll * * * may be reviewed. ’ ’
No appeal lies from the intermediate order denying the defendant’s motion to suppress prior to conviction.
In People v. Rudnick (280 N. Y. 5, 8) in a Per Curiam opinion it was held:
“ The defendant moved to dismiss the information ‘ on the ground that the facts stated therein do not eonstituté a violation of section 114 of the Workmen’s Compensation Law of the State of New York nor a crime under any law of this State.’ We think this motion was the equivalent of a demurrer to the information. (Code Crim. Pro., §§ 323, subd. 2, 324.) The Presiding Justice of the Court of Special Sessions entered upon the information the following indorsement: ‘ Motion to dismiss denied.’ Since we think this entry was sufficient as an order disallowing the demurrer (Code Crim. Pro., § 326), the actual decision thereby made must be reviewed on this appeal. (Code Crim. Pro., §§ 485, subd. 2, 517.) [Italics added.]
“ We hold that the facts stated in the information constitute the misdemeanor defined by section 114 of the Workmen’s Compensation Law (Cons. Laws, ch. 67).
“ The judgment should be affirmed.”
The cross motion of the respondent dismissing the petition herein is granted.