Nicholas M. Pette, J.
Petitioner, by order to show cause, dated September 29, 1965, returnable October 4, 1965, moves for an order (CPLR, art. 78) directing respondent to bring on for trial the case of James Sherman Keen, plaintiff v. David *383 Hilsen and D. Hilsen Corp., defendants, now pending before him and render such judgment as may be required by the law and facts of that action, and why petitioner should not have such other and further relief as may be just and proper in the premises.
It appears that the summons and complaint in said action were served on each of said defendants on February 13, 1965, returnable before Hon. Barnet S. Selman, Police Justice of the Village of Spring Valley on March 2, 1965, on which date issue was joined by defendants who interposed a general denial to the complaint. A jury trial was thereupon demanded by said plaintiff and Judge Selman then disqualified himself from presiding at the trial and referred the action to Acting Police Justice Alfred Weiner. No further action was taken until on or about April 9, 1965 when Judge Weiner advised said plaintiff there had been a delay in obtaining the papers from Judge Selman and requested said plaintiff to mail a check for the .jury fee, which was done.
It further appears that on April 22, 1965 Justice Weiner advised petitioner’s attorney that Mr. Sanford Dranoff has been designated as Acting Police Judge of the Village of Spring Valley to dispose of plaintiff’s said ease. Thereafter during the early part of May, 1965, plaintiff’s attorney was informed that Judge Dranoff had resigned and would not hear Mr. Keen’s suit and that Judge Selman should be contacted for further details. On June 23, 1965, following several prior communications with Judge Selman, petitioner’s attorney was informed that John L. Mirabile, Esq., of Spring Valley had been appointed as Acting Police Judge to hear Mr. Keen’s case.
The moving papers further disclose that during the months of June and July, 1965, Acting Police Justice Mirabile was unable to set a trial date convenient to himself although at no time did petitioner request any adjournment. On July 23, 1965, Justice Mirabile advised that a trial date could not be set until after Labor Day because he was going on vacation and at his suggestion new checks were issued payable to his order covering the necessary fees of the Police Justice Court, in exchange for which the checks payable to the former Justices were returned to said plaintiff. Shortly after Labor Day a trial date was tentatively set for September 21, 1965 subject to confirmation, but such confirmation was never received, and the attorney for defendant advised the court on September 8, 1965 that Mr. Hilsen was very ill and would not be able to discuss the matter with him before Friday of that week. Again a tentative date for trial was set for September 28, 1965 but on September *384 27, 1965, petitioner’s attorney received a call from Judge Mirabile that he had received a letter from a physician stating that Mr. Hilsen was to undergo surgery on October 15, 1965, and Judge Mirabile thereupon stated that he would grant an indefinite adjournment.
Acting Police Justice Mirabile, in the sole opposing affidavit submitted to petitioner’s application states:
“ I have received from the defendant, David Hilsen, a letter apparently signed by Doctor Paul B. Van Dyke, M.D., which is hereto annexed which is the sole reason for the present delay in setting a trial date in the action brought against David Hilsen and another.
“ In my humble opinion the necessity for imminent hospitalization is sufficient ground to warrant an indefinite adjournment of the proceedings before the Spring Valley Justices Court; and I have stated this position to Mr. Robert W. Kane, the attorney for the plaintiff.” (Emphasis supplied.)
The purported letter of Dr. Van Dyke, so far as pertinent reads: ‘ ‘ Mr. Hilsen has been under my care since September 17, 1965. He is entering the Gfood Samaritan Hospital on October 14, 1965 for surgery on October 15, 1965.”
Manifestly the foregoing letter is insufficient to warrant the indefinite adjournment granted by Judge Mirabile. In the first place there is nothing to indicate the authenticity of the signature of Dr. Van Dyke to said letter, and in the second place there is nothing to indicate the nature of the ailment for which surgery is required, whether such surgery is major or minor nor any showing of the necessity for granting an indefinite adjournment of the trial of the subject suit.
This court is of the opinion that the inordinate delay encountered by petitioner in obtaining an adjudication of his suit is in violation of section 180 of the Justice Court Act. It is significant that the papers submitted on this application fail to reveal any legitimate ground, if any, for the delay in the prosecution of plaintiff’s suit. The ultimate contemplated adjournment beyond the statutory limits of eight days, is contrary to the expressed provisions of sections 180, 181 and 182 of the Justice Court Act; it is also in violation of respondent’s statutory duty to hear the cases brought before him, and his action, unless countermanded, will deprive the Justices’ Court of jurisdiction over the case before it. (Sherer v. Cannon, 104 N. Y. S. 709; Moore v. Taylor, 88 App. Div. 4.)
The petitioner, having fully complied with the jurisdictional provisions of the Police Justice Court, is entitled to have his *385 case heard and disposed of with reasonable dispatch, and the ends of justice may not be frustrated by any act of the respondent.
While it is true that mandamus will not lie for the purpose of reviewing an alleged error committed by an inferior court, nor to compel a particular adjudication of the merits of an action, mandamus is properly entertained to compel an inferior tribunal to perform a ministerial act, i.e., set the case down for trial for a specific day certain, and then to decide the action upon the facts and evidence presented before it. (22 Carmody-Wait, New York Practice, p. 220 and cases cited therein; Matter of McBride v. Murray, 72 Hun 394; People ex rel. Allen v. Murray, 2 Misc. 152, affd. 21 N. Y. S. 797, affd. 138 N. Y. 635.)
The office of a writ of mandamus is to compel a public officer to do any act which he is required to do by law. (Matter of Bianco v. Austin, 204 App. Div. 34.) Courts are loath to award relief in the nature of mandamus, which is discretionary, unless a clear case of arbitrary and illegal action, without reasonable explanation or excuse is presented. (Matter of General Steel Prods. Corp. v. City of New York, 18 Misc 2d 106; see, also, Matter of Mollis v. Cawse, 38 Misc 2d 179; People ex rel. Elmira Advertiser Assn. v. Gorman, 169 App. Div. 891, app. dsmd. 222 N. Y. 712.)
Petitioner’s instant application is granted as follows: Respondent is directed to set the action of James Sherman Keen, plaintiff v. David Hilsen and D. Hilsen Corp., pending in the Police Justice Court of Spring Valley, New York, for trial before him on October 18, 1965, and that he then and there proceed to try said action to a final determination of the issues therein involved. Said action to be tried by respondent with a jury.
In the event that defendant in the aforesaid action is unable to proceed to trial by reason of alleged illness, the respondent upon proof by the affidavit of a physician setting forth the nature and extent of such illness, the diagnosis, if surgery be had or required the nature and extent of such surgery, and the reasonable duration of such illness or convalescence after such surgery, may grant a reasonable adjournment of the trial of said action to such future date when said defendant shall be able to attend court and testify. Otherwise the trial of said action shall proceed on October 18, 1965 as hereinabove stated.