John Charles **GIBSON**, Jr., Plaintiff,

v.

Charles W. **HALLECK**, Defendant.

Civ. A. 375–66.

United States District Court
District of Columbia.

May 3, 1966.

Roland S. Homet, Jr., Washington, D. C., for plaintiff.

David G. Bress, U. S. Atty. for District of Columbia, Oscar Altshuler and William M. Cohen, Asst. U. S. Attys., Washington, D. C., for defendant.

## OPINION

HOLTZOFF, District Judge.

This is an action for relief in the nature of a writ of mandamus brought by a person who has been indicted by the grand jury and is awaiting trial on a criminal charge in this Court, against a Judge of the District of Columbia Court of General Sessions, who, as a committing magistrate, conducted the preliminary hearing in the case which later eventuated in the indictment.

At the preliminary hearing the plaintiff, who is the defendant in the criminal case, was represented by counsel, who had a full opportunity to cross-examine witnesses. The plaintiff now seeks a judgment in the nature of mandamus to require a reopening of the preliminary hearing and the production of statements of government witnesses pursuant to the provisions of the Jencks Act.

Three questions are presented. The first is whether this Court may grant relief requested by the plaintiff, even if on the merits the plaintiff were entitled to the production of the statements that he seeks. There is a serious question whether this Court may grant relief in the nature of a mandamus against a Judge of the District of Columbia Court of General Sessions, even when that Judge is sitting as a committing magistrate and is holding a preliminary hearing for the purpose of determining whether a person accused of a crime should be bound over for the grand jury. While the appropriate statutory provision confers authority to conduct such preliminary hearings on Judges of the District of Columbia Court of General Sessions, and in that event they sit as committing magistrates, they are, nevertheless, not officers of this Court, nor are they members of the staff of this Court, such as the United States Commissioner.

■ It is not necessary, however, for the purpose of this case to arrive at a definitive determination as to the power of this Court to issue an order or a judgment in the nature of mandamus against a Judge of the District of Columbia Court of General Sessions sitting as a committing magistrate, because this Court is of the opinion that on the merits the plaintiff in this action is not entitled to the relief that he seeks. This Court is of the opinion that the so-called Jencks Act, 18 U.S.C. § 3500, which provides, in effect, that after a witness called by the government has testified on direct examination, the Court shall, on the defendant's motion, order the United States to produce any statement of the witness in possession of the United States which relates to the subject matter as to which the witness has testified, is to be limited to proceedings in court and is not applicable to preliminary hearings before committing magistrates. There are several reasons for this conclusion. The statute very carefully uses the words, "The Court". A committing magistrate is not "The Court". This is no oversight on the part of the draftsmen of the Act. It is a very serious matter, at times, to require the production of statements contemplated by the statute. There may be a dispute as to whether a particular document is subject to production. In that event the Court is authorized to examine the alleged statement *in camera* in order to determine the matter. A delicate problem may be presented. Clearly, it was not intended to leave such broad authority in the hands of committing magistrates.

While committing magistrates in this jurisdiction are all lawyers of standing

and experience, there are some districts in which United States Commissioners are laymen. The Jencks Act is a statute of national application and surely it could not have been intended by the Congress to vest in a lay magistrate such wide discretion. It is clear that the word "Court" used in the Act must be construed as meaning what it says, "The Court". Proceedings before a committing magistrate are not proceedings before a Court.

The third question is whether the fact that the defendant has been indicted renders the action moot. The Court is of the opinion that the action is moot, because irrespective of its outcome, the defendant would remain under indictment and the indictment would have to be tried. Naturally, at the trial the defendant would have his rights under the Jencks Act and those rights would not be affected by the result of the proceeding now before the Court.

This matter has been brought on for a hearing by cross-motions for summary judgment. The defendant's motion for summary judgment is granted and the plaintiff's motion is denied.