Johnnie C. MANCE, Petitioner,

v.

Dale C. CAMERON, Respondent.

No. 429–66.

United States District Court
District of Columbia.

Nov. 7, 1966.

Patrick Thomas Moran, Silver Spring, Md., for petitioner.

Thomas Lumbard, Asst. U. S. Atty., Washington, D. C., for respondent.

## OPINION

HOLTZOFF, District Judge.

This is a petition for a writ of *habeas corpus* filed by a patient in Saint Elizabeths Hospital, who was committed to that institution under the following circumstances. He was arrested by the local police on a felony charge, namely, assault on a member of the Metropolitan Police Department of the District of Columbia, and brought before a Judge of the District of Columbia Court of General Sessions for a preliminary hearing. In this District, Judges of that Court are empowered to sit as committing magistrates and as a matter of practice, persons charged with felonies are at times brought before the United States Commissioner and at other times before a Judge of the Court of General Sessions for a preliminary hearing. In addition that Court has trial jurisdiction over misdemeanors.

In this case the petitioner was brought before a Judge of the Court of General Sessions, as indicated. The Judge, sitting as a committing magistrate, committed him to the District of Columbia General Hospital for a mental examination, and upon the submission of the Hospital report the Judge found the petitioner incompetent to stand trial and committed him to Saint Elizabeths Hospital, a mental institution. It is claimed in behalf of the petitioner that a Judge of the Court of General Sessions sitting as a committing magistrate has no such power, but that the report of mental incompetency should have been referred to this Court and passed on by this Court.

This is a very serious matter because it involves not only questions of mental competency, but also the constitutional right to a speedy trial.

The statute, D.C.Code 24–301, subsection (a), authorizes the Court to make a judicial determination of the competency of the accused to stand trial. Committing magistrates do not make such judicial determinations. In this case the finding of the Judge of the Court of General Sessions was to the effect that the defendant was mentally incompetent to stand trial in this Court. Manifestly, this is a matter that should be determined by this Court. It has been held in another connection that a committing magistrate is not "The Court" and that when a statute uses the words "The Court", this term does not include a committing magistrate, and further that a Judge of the Court of General Sessions sitting as a committing magistrate in a felony case has no greater power than a United States Commissioner, Gibson v. Halleck, D.C., 254 F.Supp. 159. The Government very candidly concedes that a United States Commissioner would be without authority to make the finding made here and to commit the petitioner to Saint Elizabeths Hospital. The Court is of the opinion that the fact that a Judge of the Court of General Sessions at times sits as a committing magistrate and at other times as a Judge of a Court for the trial of a misdemeanor and the transition may be very brief, does not enhance his powers when he acts as a committing magistrate.

The Court, therefore, concludes that a committing magistrate, including a Judge of the Court of General Sessions when sitting as a committing magistrate, does not have power to make a finding that a person charged with a felony is mentally incompetent to stand trial and thereby preclude action on this important question by this Court.

Accordingly, the Court is of the opinion that on the present record the writ must be sustained. The petitioner, however, is not entitled to release. This Court must adjust the relief to the needs of the case. The petitioner is entitled to a hearing in the United States District Court on the question of mental competency. Until that hearing is held, he must remain in Saint Elizabeths Hospital or the District of Columbia General Hospital, because there is a report that must be passed upon by the Court to the effect that the petitioner is mentally incompetent. The only relief that the Court can grant is that the report of the District of Columbia General Hospital, dated June 15, 1966, to the effect that the petitioner is not considered competent to stand trial be referred to this Court and that a hearing be set in this Court on the basis of that report on the question of mental competency.