Johít C. Marbach, J.
The petitioner has been held for action of the Grand Jury after a hearing before a local Magistrate on a charge of attempted robbery. This court will treat his application as one for a writ of habeas corrput At the hearing, tb only witness was ‘the purported victim. The information w*js signed by a police officer who was not a witness. The defendant properly moved! for cismissal, but this was denied. There is no question that, a warrait issued on this information was used to bring the petitioner tbfore the court.
Where the jurisdiction of the couy't over th person of the defendant rests upon such an insut^eient info cation, he is being deprived of his liberty without legal cause (See People v. James, 4 N Y 2d 482, and eases discussed and 4ted therein). The need for probable cause as the b asis for a - arrant is not limited to misdemeanor cases. -
While the indictment of such a person could supersede and make academic all defects (People ex rel. Hirschberg v. Close 1 N Y 2d 258) the indictment has not been handed up.
The petitioner is entitled to immediaté discharge.
The papers have also raised the question of erro:’ in the refusal of the Magistrate to permit counsel at the preliminary hearing to examine a written statement given to police "by the victim-witness. The reliance of the court and the District Attorney is on an opinion of a Justice of this court in People ex rel. McKethan v. Wright, not published officially, but made on August 27, 1970, which relied on an opinion of Judge Holtzoff of Washington District Court in Gibson v. Halleck (254 F. Supp. 159). Tho- t two opinions hold that a witness’ statement need not be produced at a preliminary hearing but only in a trial court. This writer believes the distinction to be invalid, and that the result reached by Judge Holtzoff was based on an improper ground — namely, the alleged inability of lay Magistrates to handle the “ delicate problems ” of such statements. [His other distinction between “ the Court ” and “ a Magistrate,” if correct at all, would apply only under the *538 Federal statutes.] No other Federal case has followed or cited Gibson v. Halleck, nor has any published New York case.
There is universal recognition now in this country of the right to counsel at a preliminary hearing and the critical nature of such hearing (see Coleman v. Alabama, 399 U. S. 1). In the Coleman case, the court said in part, in commenting on the need for counsel at such hearing (p. 9): “ First, the lawyer’s skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State’s case that may lead the magistrate to refuse to bind the accused over.”
The delivery to counsel of the witness’ prior statement as ordered in People v. Malinsky (15 N Y 2d 86) involved a suppression hearing The District Attorney argues here that the hearing was by a “ trial court ”. The Court of Appeals said (p. 90): “ it máters nod whether the witness is testifying upon a trial or at a hearing'. In either event, 1 a right sense of justice ’ entitles the defe-nse to ascertain what the witness said about the subject under ^consideration on an earlier occasion.”
In this court's opinion,any practice in this county of refusal to permit inspection of witness ’ statements would be violative of a fundamental right o/f the defense. The limited remedies available to correct such* errors will not, I am sure, be seized upon by our loarned Magistrates as an excuse for perpetuating any such prar ¿ice, if it do'es exist.
Submit or' er on one day’s notice calling for release of the petitioner. J