Per Curiam.

The Judge presiding at the preliminary examination, in the exercise of discretion, refused the request of defense counsel for a continuance to compel the arresting officer to produce his memo book in aid of the cross-examination then being conducted. Since this was not a hearing on a motion to suppress (as in People v. Malinsky, 15 N Y 2d 86, 90, cited in the dissent), but rather a preliminary examination of enough of the People’s evidence to satisfy the examining Judge of the existence of probable cause to believe a crime had been committed and defendant was implicated in its commission, it cannot be said there was such an abuse of discretion as to con *908 stitute reversible error. The examining Judge expertly evaluating the weight of evidence already before him, in terms of probable cause, no doubt shrewdly recognized counsel’s request as, essentially, a time-wasting tactic serving no useful purpose at that stage, yet seriously impairing the despatch of the heavy volume of criminal cases incessantly inundating the 'Criminal Court of the City of New York. He rightly observed that the preliminary examination was not a pretrial discovery proceeding. Coleman v. Alabama (399 U. S. 1) and Blue v. United States (342 F. 2d 894) relied upon in the dissent, are not authorities to the contrary. These cases establish the principle that the preliminary examination of the People’s case is a critical stage of the proceedings against the defendant, so far as the right to counsel is concerned. They do not equate the preliminary examination to a trial in all other respects; nor undertake to curtail the examining Judge’s discretion in regulating the cross-examination of witnesses in the preliminary examination of the People’s evidence of probable cause.
Defense counsel on the trial examined the arresting officer’s personal, written record of the arrest and ignored his offer to get the official arrest record “in two minutes.” Defense counsel presumably knew she had a right to demand a continuance until the arresting officer produced his memo book and afforded her an opportunity to examine the entries relating to the case on trial; and that the failure of the court to accede to such a demand on the trial would be reversible error, under the authority of People v. Persico (24 N Y 2d 758), as noted in the dissent. But, significantly enough, defense counsel, though she sharply cross-examined the arresting officer on his failure to observe the police regulations requiring him to bring his memo book with him, and though she vigorously assailed his veracity over the head of this omission in her summation' to the jury, seems carefully to have refrained from demanding a continuance until he produced the book; nor did she move to strike his testimony either for incomplete opportunity to cross-examine, or his failure to obey the instructions of the Judge at the preliminary examination who had directed him to have his memo book with him on the trial. iConsidering the obvious skill of defense counsel, and her opportunity to surmise that the contents of the memo book might not prove in the least bit helpful, as well as the use she made of its absence as a weapon of attack against the arresting officer’s credibility in summation, her eschewal of any motion or objection preeipitative of a ruling on the absence of the memo book must be *909 regarded as nothing more or less than a ‘ ‘ calculated strategic omission.” The defendant should not be rewarded with reversal of his conviction because his counsel’s choice of trial tactic proved ineffective.
Any forgetfulness and carelessness of arresting officers and Assistant District Attorneys in the observance of police regulations on the production of memo books at trial is not to be condoned in the slightest. The cure, however, lies with defense counsel in foregoing strategic maneuvers and insisting on production of memo books at the embarrassing cost to the People of compulsory continuances; or making departmental charges, or demanding that the District Attorney make departmental charges against the offending police officers. There is no authority or justification, however, for reversing the result of an otherwise errorless jury trial because the Trial Judge in the absence of a request by defense counsel did not suspend the trial sua sponte, until the arresting officer produced his memo book.
Reversal on appeal should not be re-sorted to simply as a device, of dubious effect at that, in arousing police officers and District Attorneys to stricter, more constant compliance with the rules relating to the production of police memo books on trial.
The judgment of conviction should be affirmed.