Louis Schifrin, J.
This decision stems from a motion by the defendant, made at the conclusion of a preliminary hearing, to dismiss the complaint on the ground that the People had failed to show reasonable cause to believe that the defendant had committed an offense.
The defendant, Ada Bonilla, was arraigned on June 21, 1973, and charged with grand larceny, a violation of section 155.35 of the Penal Law, and with making false statements to the Department of Social Services, a violation of section 145 of the Social Services Law. On July 11, 1973, a preliminary hearing was held, at which time, the People’s sole witness, Mr. Eli Torres, introduced and orally summarized the contents of two files, prepared by caseworkers, other than himself, containing reports from employees of the Department of Social Services, and of an alleged conversation had approximately twp years before between the defendant and the defendant’s caseworker.
Under cross-examination, Mr. Torres admitted that he had no personal knowledge of the statements made in the files, nor could he substantiate their truthfulness or defend against allegations of their falsity, and furthermore that he had not, either alone or in accord with anyone else, prepared or aided in the preparation of anything even remotely connected with the case at bar.
The only issue before the court is the determination of whether the evidence produced by the People establishes rea *972 sonable cause to believe that the defendant committed a crime (CPL 180.70). (People v. Epps, 67 Misc 2d 907; People v. Scarposi, 69 Misc 2d 264.)
The People contend that the evidence presented by Mr. Torres, investigator of the Department of Social Services, is sufficient to establish reasonable cause to believe that the defendant committed a felony, because such evidence is embraced and admissible for such purposes pursuant to CPL 180.60 (subd. 8) and CPL 190.30 (subd. 2).
The defendant admits the viability of the same sections, but seeks a different determination, contending that the sections in fact would warrant a dismissal of the action, as the testimony of Mr. Torres would not be sufficient under them to establish reasonable cause.
CPL 180.60 (subd. 8) provides that “Upon such a [preliminary] hearing, only non-hearsay evidence is admissible to demonstrate reasonable cause to believe that the defendant committed a felony; except that reports of experts and technicians in professional and scientific fields of the kinds specified in subdivision two of section 190.30 are admissible to the same extent as in a grand jury proceeding.”
CPL 190.30 (subd. 2) so far as relevant here, defines the exception as: “A report or a copy of a report made by a public servant or agency, who is a physicist, chemist, coroner or medical examiner, firearms identification expert, examiner of questioned documents, fingerprint technician, or an expert or technician in some comparable scientific or professional field, concerning the results of an examination, comparison or test performed by him in connection with a case which is the subject of a grand jury proceeding”.
While Mr. Torres and his caseworkers are clearly public servants or persons employed by a public servant or agency, they are not, in any broad stretch of the judicial and legislative imagination, physicists, chemists, coroners or medical examiners, firearms identification experts, etc., as set forth in the statute.
We completely disagree with the People’s argument that Mr. Torres and his caseworkers are experts ‘ ‘ in some comparable scientific or professional field”. The statute clearly suggests very definite boundaries and limitations to the exceptions it allows, and testimony of the expert examiner may be dispensed with only where “it [is] sufficiently clear * * * that the statement offered is free enough from the risk of inaccuracy and untrustworthiness, so that the test of cross- *973 examination would be a work of supererogation.” (2 Paperno and Goldstein, Criminal Procedure in New York [1971], p. 173).
Cross-examination of the investigators and caseworkers who interviewed the defendant and made findings of fact is certainly important, as it would go to the heart of credibility and circumstance — issues which would not be important in examining physicists, chemists, and the like. Thus, the cross-examination of the caseworkers bears directly on the issues of probable cause and would not be a work of supererogation.
In Boyd v. Wyman (39 A D 2d 874, 875) the use of the testimony of a representative of the Department of Social Services to testify as to a report of a handwriting expert was critically assailed as being harmful and unfair, “ as to vitiate the fairness of the hearing.” It was also held that a determination resting solely or principally on this particular type of testimony of the city department representative does not constitute substantial evidence.
The People, however, contend that under the business record exception, which allows for the admissibility of records kept in the normal course of business by an individual obligated to make such records (CPLR 4518), the testimony would be admissible and so substantiate reasonable cause.
We disagree. The business records exception does not speak to investigational reports, as each report is the product of self-contained investigations. (Robert A. Barker, Admissibility of Investigational Reports under Business Records Statutes, 33 Albany L. Rev. 251 [1969].) They are not records whose accuracy is assured by the routineness with which the entries were made. They contain much hearsay evidence which does not become admissible solely because it was reduced to writing (Johnson v. Luts, 253 N. Y. 124). These are self-serving records, created in part in the anticipation of legal proceedings (Palmer v. Hoffman, 318 U. S. 109). CPL 180.60 (subd. 8) and CPL 190.30 (subd. 2) specify the exceptions under which hearsay evidence is admissible and clearly they do not speak of the business records exception. Therefore, the decision of this court, based on a desire to relegate the judicial ideal to a functional reality, is that the complaint be dismissed, and it is therefore so ordered.