OPINION OF THE COURT
Alain M. Bourgeois, J.
The court has been called upon to determine the applicability to a preliminary hearing of the rule enunciated in People v Rosario (9 NY2d 286, cert den 368 US 866), requiring the furnishing to defense counsel of a witness’ prior statements at the conclusion of the witness’ direct testimony.
Defendant herein is charged with the crimes of burglary in the third degree (Penal Law, § 140.20) and possession of burglar’s tools (Penal Law, § 140.35). A preliminary hearing on the felony complaint was commenced before me with a view to determining if there was reasonable cause to believe that the defendant committed a felony (CPL 180.70). Following the direct testimony of the arresting officer, counsel for the defendant sought access to relevant prior statements of the witness. In his application, counsel made specific demand for entries relating to the arrest at issue in the officer’s memorandum book, official police department forms, and the District Attorney’s complaint room "worksheet.”
The People, while disputing the applicability of People v Rosario (supra) to a preliminary hearing, and solely in the interest of expediting the completion of the proceeding, offered defense counsel access to such prior statements of the witness as were then in the possession of the Assistant District Attor *1007 ney. They specifically excluded from this offer the afore-mentioned worksheet, on the grounds that it constituted attorney’s workproduct and contained factual information incapable of attribution to the witness.
Defense counsel declined the proffered compromise, maintaining his claim of right of access to all prior statements of the witness for use in cross-examination. With the consent of both parties, the hearing was adjourned for the submission of briefs and oral argument on the issues thus presented.
Clearly the preliminary hearing is a critical stage of the criminal process (Coleman v Alabama, 399 US 1; People v Lupo, 74 Misc 2d 679). It represents the first opportunity for dispassionate review, by a neutral Magistrate, of the potentially enthusiastic claims of the People’s witnesses and their support in evidence (Mattioli v Brown, 71 Misc 2d 99; People v Jackson, 48 Misc 2d 1026). Witnesses must testify under oath and are subject to cross-examination (CPL 180.60, subd 4). The defendant is entitled to the aid of counsel (CPL 180.10, subd 3; Coleman v Alabama, 399 US 1, supra; People ex rel. Pulver v Pavlak, 71 Misc 2d 95).
Defects in preliminary hearing practice do not affect the subsequent action of the Grand Jury (People ex rel. Hirschberg v Close, 1 NY2d 258; People v Tornetto, 16 NY2d 902, cert den 383 US 952). Thus the appellate courts of this State have had but rare occasion to speak directly to the standards of such practice. Nevertheless the Court of Appeals has stated: "We made it unmistakably clear in People v. Rosario (9 N Y 2d 286) that defense counsel must be permitted to examine a witness’ prior statement, whether or not it differs from his testimony on the stand, and to decide for themselves the use to be made of it on cross-examination, provided only that the statement 'relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential’ (p. 189). And, obviously, it matters not whether the witness is testifying upon a trial or at a hearing. In either event 'a right sense of justice’ entitles the defense to ascertain what the witness said about the subject under consideration on an earlier occasion.” (People v Malinsky, 15 NY2d 86, 90.)
It has been urged upon this court that the Court of Appeals had in mind only constitutionally mandated suppression hearings in this exposition of the Rosario rule. Neither the quoted text, nor the policy determination it approves, is so restrictive (see People v Epps, 67 Misc 2d 907, affd 32 NY2d 706). As a *1008 unanimous Appellate Division, Second Department, has stated: "Applying the rationale of People v. Rosario (9 NY2d 286), absent the necessities of effective law enforcement which might require that the statement be kept secret or confidential, the State has no interest in interposing any obstacle to the disclosure of a prior statement by a preliminary examination witness which may expose the prosecution’s case and persuade the committing magistrate to refuse to bind the accused over (see Coleman v. Alabama, 399 US 1; People v. Malinsky, 15 NY2d 86).” (Matter of Butts, 37 AD2d 607, app dsmd 29 NY2d 707.)
 While the defendant has no constitutional right to a preliminary hearing (People ex rel. Hirschberg v Close, 1 NY2d 258, supra; People v Aaron, 55 AD2d 653, 654), the Legislature has determined to extend by statute, in certain cases, the defendant’s right of confrontation to such an examination (CPL 180.10 et seq.; 170.50). The burden of proof on the People therein is not great. They need only provide, through nonhearsay evidence, reasonable grounds to believe in the defendant’s commission of a crime. But the defendant is clearly entitled to put the People to their proof on this issue and, in this effort, is often forced to direct all his energies to the question of the credibility of the People’s witnesses. No sound reason has been advanced to deprive him of access to the relevant prior statements of these witnesses for his use in aid of cross-examination (see Brooks v Jennings, 17 Ariz App 407). Should such reason in fact exist in the unusual case, the People have the option of direct presentation to the Grand Jury.
The People further maintain that to grant counsel’s demand would be to unreasonably extend pretrial discovery beyond the limits set forth by statute (CPL art 240). As the United States Court of Appeals has stated in an analysis of preliminary examination practice: "Cross examination at a preliminary hearing, like the hearing itself, is confined by the principle that a probe into probable cause is the end and aim of the proceedings, and the line between refutation of probable cause and discovery into the prosecutor’s case ofttimes is thin.” (Coleman v Burnett, 477 F2d 1187, 1201.) To deny the reach of Rosario to the preliminary hearing would be to deprive counsel of the opportunity for effective confrontation. The Legislature has extended this right to the defendant — it should not be nullified in fear of "premature” discovery.
*1009 In fact, developments in both Federal and State criminal procedure, over a long period, have given increasing recognition to the proposition that the search for the truth is promoted by broadening pretrial disclosure (see Dennis v United States, 384 US 855, 871, n 17; People v Bennett, 75 Misc 2d 1040; Developments in the Law: Discovery, 74 Harv L Rev 940, 1062-1063.) Thus, confronting the question from a historical perspective, to hold that the rule of Rosario extends to the preliminary hearing is to permit the effective assistance of counsel and utilization of the statutory right to confrontation at the cost of a diminishing (and perhaps ultimately imperceptible) harm.
The court therefore directs the turning over to defense counsel, prior to cross-examination of the witness at this hearing, of those prior statements of the witness specified in People v Rosario (9 NY2d 286, supra).
As to the District Attorney’s claim that the complaint room worksheet should be exempted from this direction, the court has conducted an in camera inspection of the document. The court finds that certain statements contained therein are clearly attributable to the arresting officer, the only eyewitness herein. Nor are these statements inextricably entwined with expressions of evolving legal theory or other nonfacutal material. (See People v Consolazio, 40 NY2d 446.) The District Attorney shall therefore provide to defense counsel the following denominated portions of the complaint room worksheet for his use in cross-examination of the witness: page 2, paragraph 6; page 3, "remarks.”