OPINION OF THE COURT
George Covington, J.
The defendant, Raymond Landers, who has been charged with the offenses of robbery in the first degree (Penal Law, § 160.15), criminal possession of a weapon in the fourth degree (Penal Law, § 265.01) and attempted robbery (Penal Law, §§ 110, 160.15), made a motion for discovery of the District Attorney’s file including the discovery of the complaining witness’ prior statements and the District Attorney’s worksheets contained therein. The defendant relies upon People v Malinsky (15 NY2d 86), People v Consolazio (40 NY2d 466), and People v Dash (95 Misc 2d 1005) and requests that the holdings in those cases be extended to the preliminary hearing stage.
*275 While the Court of Appeals has not directly ruled on the issue of whether prior statements are discoverable at a preliminary hearing, for cross-examination purposes, there is a line of authority to support the view that discovery at that stage is not required.
The case of People v Malinsky (supra) has been cited as authority for the proposition that the rule enunciated in People v Rosario (9 NY2d 286), requiring the furnishing to defense counsel of a witness’ prior statements at the conclusion of the witness’ direct testimony, is also applicable at a preliminary hearing. (See People v Dash, supra; Matter of Butts, 37 AD2d 607, app dsmd 29 NY2d 707.)
In the Malinsky case, the court stated (p 90) that, "We made it unmistakably clear in People v. Rosario (9 N Y 2d 286) that defense counsel must be permitted to examine a witness’ prior statement, whether or not it differs from his testimony on the stand, and to decide for themselves the use to be made of it on cross-examination, provided only that the statement 'relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential’ (p. 289). And, obviously, it matters not whether the witness is testifying upon a trial or at a hearing. In either event, 'a right sense of justice’ entitles the defense to ascertain what the witness said about the subject under consideration on an earlier occasion.”
Although this language can be cited as a basis for extending Rosario to a preliminary hearing, it should be kept in mind that Malinsky involved a motion to suppress evidence seized pursuant to a search warrant. The defendants sought to inspect the arresting detective’s notes concerning their arrest for use in cross-examination at the suppression hearing.
The nature of the hearing was the basis for distinction in People v Chesler (91 Misc 2d 551). There, the defendant made a motion challenging the composition of the jury pool and requested inspection of documents described as communications between the District Attorney’s office and the Commissioner of Jurors on the ground that they contained witness’ prior statements and were discoverable to determine possible use in cross-examination. The court denied the request and explained (p 561) that "Rosario and Malinsky arose within a prosecutory context, be it trial or hearing, wherein an ultimate finding of a defendant’s guilt or innocence could directly or indirectly be predicated upon, or attributed to, a defense counsel’s ability to obtain and use a witness’ prior statement.”
*276 In the absence of the possibility of such an effect, the rationale of those decisions would be inappropriate and inapplicable.
A suppression hearing is held to determine the admissibility of evidence against defendant at trial. Obviously, an impeachment attack on this evidence is highly important and if successful, could result in its suppression. Without the evidence, the defendant may be adjudicated not guilty. This is quite different from the nature and purpose of a preliminary hearing which is held only to determine whether there is probable cause to believe a crime was committed and that the defendant is the perpetrator (CPL art 180). The examining Judge is not involved in making an ultimate finding of guilt and can exercise discretion in regulating the cross-examination of witnesses to meet the limited purpose of the hearing.
This was the position taken also in People v Epps (67 Misc 2d 907), where the Appellate Term of the First Department sustained the refusal of the Judge presiding at the preliminary examination to continue the hearing in order to compel the arresting officer to produce his memo book, for use in the cross-examination which was then in progress. The Court of Appeals affirmed the judgment without opinion (32 NY2d 706). The fact that the Court of Appeals did not address the issue is evidence that People v Rosario (9 NY2d 286, supra) and People v Malinsky (15 NY2d 86, supra) are not to be extended to preliminary hearings.
This court, therefore, will follow the direction of the Court of Appeals and decline to extend discovery of a witness’ prior statements to the preliminary hearing stage.
The defendant’s request for discovery of the District Attorney’s worksheets was predicated upon the ground that they may contain actual statements by the witness, and not merely the District Attorney’s "conception” of what the witness told him (People v Consolazio, 40 NY2d 446, supra). In light of the foregoing, this request, also, is denied.
Accordingly, the defendant’s motion for discovery is denied.