OPINION OF THE COURT
Sandra J. Feuerstein, J.
Pursuant to defendant’s request and CPL 180.60, a felony examination was held in this matter on June 27, 1988. In the course of the hearing, at the close of the testimony of the complainant, defense counsel moved, pursuant to CPL 240.44 (1), for disclosure of the witness’ prior statement to the police. The People objected.
Both the prosecutor and defense counsel argued their respective points persuasively, the former, citing People v Epps (67 Misc 2d 907, affd 32 NY2d 706) claiming that the instant proceeding is not a pretrial hearing within the meaning of CPL 240.44, but a preindictment procedure which is not covered by the statute, and that to permit discovery pursuant to CPL 240.44 would be dilatory as well as a violation of the *795 statutory scheme of disclosure created by the Legislature which permits more extensive disclosure in direct proportion to the increase in the People’s burden of proof. Defendant cited Matter of Butts v Justices of Ct. of Special Sessions (65 Misc 2d 536, revd on other grounds 37 AD2d 607, appeal dismissed 29 NY2d 707) and the need for the disclosure to properly conduct a cross-examination of the complaining witness.
The court, upon a preliminary hearing, is charged with determining whether there is reasonable cause to believe the defendant committed a felony, and that there is sufficient evidence to warrant the court in holding the defendant for the action of the Grand Jury (CPL 180.10). CPL 70.10 (2) states " '[Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.”
CPL 240.44 states:
"Subject to a protective order, at a pre-trial hearing held in a criminal court at which a witness is called to testify, each party, at the conclusion of the direct examination of each of its witnesses, shall, upon request of the other party, make available to that party to the extent not previously disclosed:
"1. Any written or recorded statement, including any testimony before a grand jury, made by such witness other than the defendant which relates to the subject matter of the witness’s testimony.”
After examining the relevant case law and statutes, this court holds that in the course of a hearing upon a felony complaint the defense is entitled to examine and utilize prior statements of testifying witnesses relevant to the testimony elicited on direct examination for the purpose of cross-examination.
The United States Supreme Court has held that the preliminary hearing is a critical stage of the proceedings (Coleman v Alabama, 399 US 1 [1970]) at which the right of counsel attaches and the Court of Appeals stated in People v Malinsky (15 NY2d 86, 90), "We made it unmistakably clear in People v. Rosario (9 N Y 2d 286) that defense counsel must be permitted to examine a witness’ prior statement, whether or not it *796 differs from his testimony on the stand, and to decide for themselves the use to be made of it on cross-examination, provided only that the statement 'relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential’ (p. 289). And, obviously, it matters not whether the witness is testifying upon a trial or at a hearing. In either event, 'a right sense of justice’ entitles the defense to ascertain what the witness said about the subject under consideration on an earlier occasion.”
The Malinsky decision was rendered upon a motion made in connection with a suppression hearing, a distinction pressed by the prosecution in relation to the language of CPL 240.44 and by other courts (see, People v Landers, 97 Misc 2d 274) insofar as the impact of the outcome of the hearing upon an ultimate finding of guilt or innocence.
Other courts, including the Appellate Division, Second Department, in Matter of Butts v Justices of Ct. of Special Sessions (37 AD2d 607, supra), have found otherwise: "[W]e feel it important to state that with respect to the question of the right of a defendant to inspect and use prior statements of a preliminary examination witness, we are in accord with the portion of the opinion of the learned Justice at Special Term which deals with that subject. Applying the rationale of People v. Rosario (9 N Y 2d 286), absent the necessities of effective law enforcement which might require that the statement be kept secret or confidential, the State has no interest in interposing any obstacle to the disclosure of a prior statement by a preliminary examination witness which may expose the prosecution’s case and persuade the committing magistrate to refuse to bind the accused over (see Coleman v. Alabama, 399 U. S. 1; People v. Malinsky, 15 N Y 2d 86).”
This was the rationale of the court in People v Dash (95 Misc 2d 1005, 1008-1009):
"While the defendant has no constitutional right to a preliminary hearing (People ex rel. Hirschberg v Close, 1 NY2d 258, supra; People v Aaron, 55 AD2d 653, 654), the Legislature has determined to extend by statute, in certain cases, the defendant’s right of confrontation to such an examination (CPL 180.10 et seq.; 170.50). The burden of proof on the People therein is not great. They need only provide, through non-hearsay evidence, reasonable grounds to believe in the defendant’s commission of a crime. But the defendant is clearly entitled to put the People to their proof on this issue and, in *797 this effort, is often forced to direct all his energies to the question of the credibility of the People’s witnesses. No sound reason has been advanced to deprive him of access to the relevant prior statements of these witnesses for his use in aid of cross-examination (see Brooks v Jennings, 17 Ariz App 407). Should such reason in fact exist in the unusual case, the People have the option of direct presentation to the Grand Jury.
"The People further maintain that to grant counsel’s demand would be to unreasonably extend pretrial discovery beyond the limits set forth by statute (CPL art 240). As the United States Court of Appeals has stated in an analysis of preliminary examination practice: 'Cross examination at a preliminary hearing, like the hearing itself, is confined by the principle that a probe into probable cause is the end and aim of the proceedings, and the line between refutation of probable cause and discovery into the prosecutor’s case ofttimes is thin.’ (Coleman v Burnett, 477 F2d 1187, 1201.) To deny the reach of Rosario to the preliminary hearing would be to deprive counsel of the opportunity for effective confrontation. The Legislature has extended this right to the defendant — it should not be nullified in fear of 'premature’ discovery.
"In fact, developments in both Federal and State criminal procedure, over a long period, have given increasing recognition to the proposition that the search for the truth is promoted by broadening pretrial disclosure (see Dennis v United States, 384 US 855, 871, n 17; People v Bennett, 75 Misc 2d 1040; Developments in the Law: Discovery, 74 Harv L Rev 940, 1062-1063.) Thus, confronting the question from a historical perspective, to hold that the rule of Rosario extends to the preliminary hearing is to permit the effective assistance of counsel and utilization of the statutory right to confrontation at the cost of a diminishing (and perhaps ultimately imperceptible) harm.”
Butts (supra) and Dash (supra) predate the 1982 legislation which created CPL 240.44. Nevertheless, this "historical perspective” is borne out by both the Governor’s memorandum to the bill (Executive mem, 1982 McKinney’s Session Laws of NY, at 2618) which does not distinguish among pretrial proceedings and the Commentary of now Associate Judge of the Court of Appeals Joseph W. Bellacosa (Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 180.60, at 138) which does. The distinction has been further blurred by People v Casey (114 Misc 2d 589) which held that defendants named *798 in a felony complaint were entitled to disclosure of a coroner’s report of the victim despite the fact that no prosecution could proceed on the accusatory instrument.
The Governor’s memorandum states in relevant part:
"The bill ensures that a defendant will have adequate information to understand the nature of the offense charged. It provides for an increase in the documentary and testimonial information that is exchanged between the prosecution and defense prior to trial, and provides that such information will be exchanged without the need for a court review of uncontested motions.
"It has long been recognized that the efficiency and fairness of criminal proceedings would be markedly increased if evidentiary information were freely exchanged between the prosecution and defense prior to trial. More intelligent plea negotiation, fairer resolution of criminal proceedings and the reduction of judicial delay can result from improved evidentiary discovery practices.” (1982 McKinneys Session Laws of NY, at 2618.)
Judge Bellacosa’s Practice Commentary (op. cit, at 140) acknowledges that while the applicability of Rosario to preliminary hearings was previously steadfastly denied, "Chapter 558 of the Laws of 1982, however, added new CPL section 240.44 which now requires that Rosario material must be exchanged during any 'pre-trial’ hearing. No exceptions were included.” (See also, Pitler, New York Criminal Practice Under the CPL § 4.31, at 206-207.)
Equally important to the prosecution is the perpetuation of relevant testimony for subsequent hearings and trial which can be assured by confrontation at the preliminary stage of the proceedings (People v Simmons, 36 NY2d 126).
The plain language of the statute would thus appear to mandate compliance with CPL 240.44 at felony examinations absent specific legislative exemption. However, the issue of whether all of the subdivisions of CPL 240.44 apply at a preliminary hearing is not before this court which is charged with determining only whether a witness’ prior statement, relevant to the testimony, must be disclosed.
Although the People rely upon People v Epps (supra), another case which predates CPL article 240, the holding of Epps is only that the failure to grant a continuance at a felony examination to respond to a demand for a prior statement, which demand is not repeated at trial, does not mandate *799 reversal of a conviction. (Cf., People v Landers, 97 Misc 2d 274, supra.)
The People also contend, relying on People v Landers (supra), that because the preliminary hearing court is not charged with making an ultimate finding upon which the defendant’s guilt or innocence can be premised, there is no basis for permitting disclosure of a testifying witness’ prior statement. It is, of course, true that the People may seek an indictment regardless of the outcome of the hearing. Nevertheless, this theory does not consider the serious consequences of physical detainment and the economic hardship of posting bail which may be minimized by a full and meaningful cross-examination upon the preliminary hearing (CPL 180.70 [4]). As the Court of Appeals said in People v Hodge (53 NY2d 313, 318-319):
"In a very real sense, as scholars and practitioners agree, since the prosecutor must present proof of every element of the crime claimed to have been committed, no matter how skeletally, the preliminary hearing conceptually and pragmatically may serve as a virtual minitrial of the prima facie case (see Amsterdam, Segal & Miller, Trial Manual for the Defense of Criminal Cases [3d ed, 1974], § 139 et seq.). In its presentation, the identity of witnesses, to greater or lesser degree, testimonial details and exhibits, perforce will be disclosed. Especially because discovery and deposition, by and large, are not available in criminal cases, this may not only be an unexampled, but a vital opportunity to obtain the equivalent. It has even been suggested that 'in practice [it] may provide the defense with the most valuable discovery technique available to him’ (United States ex rel. Wheeler v Flood, 269 F Supp 194, 198 [Weinstein, J.]; see Hawkins v Superior Ct., 22 Cal 3d 584, 588-589 [Mosk, J.]).
"Since the hearing provides an occasion for appraising witnesses and others who are likely to participate in the ultimate trial, at least as often as not attentive and sensitive counsel gain knowledge and insight that will be of invaluable assistance in the preparation and presentation of the client’s defense. Moreover, judicious exercise may be made of the power of subpoena, which, in the discretion of the court, is available at a preliminary hearing (see CPL 180.60, subd 7; Amsterdam, Segal & Miller Trial, Manual for the Defense of Criminal Cases, op cit., § 142). Its use to call to the stand witnesses whom the People have not elected to summon may present the only way in which a recalcitrant though material *800 witness can be interrogated (Myers v Commonwealth, 363 Mass 843). This may turn out to be a fortunate perpetuation of critical testimony of witnesses who later may not be available for trial (cf. People v Simmons, 36 NY2d 126, 131). Most important, early resort to that time-tested tool for testing truth, cross-examination, in the end may make the difference between conviction and exoneration. (See, generally, Bailey & Rothblatt, Successful Techniques for Criminal Trials, § 25).”
Based upon the foregoing, the prosecutor shall turn over to defense counsel, for examination and use upon cross-examination at the felony examination hearing, the witness’ prior statement to the police.