OPINION OF THE COURT
Robert Charles Kohm, J.
Is the Rosario doctrine applicable to a CPL article 730 competency hearing?
This issue was raised during the course of a court-ordered competency hearing in which three psychiatrists testified. They were Doctors Bowen, Schwartz and Finch. Each doctor, pursuant to statute, submitted a report. In addition, defendant’s counsel was provided with the handwritten notes which furnished the basis of Doctors Bowen and Schwartz’s reports, but not Dr. Finch’s report. Defendant maintained that he had a right under Rosario to see these notes and the People challenge this view. Ultimately, Dr. Finch’s notes were turned over in the interest of discovery, however, the People objected to the use of Rosario in a competency hearing. They argue that the doctrine only applies to issues of guilt or innocence and not in a nonevidentiary hearing.
Since this issue has been raised, the court will consider the question, but before any resolution can be reached, the purposes of both the Rosario doctrine and a competency hearing must be explored.
I. ROSARIO DOCTRINE
The Rosario doctrine (9 NY2d 286 [1961]) expanded the scope of cross-examination in New York criminal cases and deals with statements made by the People’s witnesses. Prior to this case a defendant was entitled to see only those statements that, in the judgment of the trial court, contained matters inconsistent with the witness’ testimony (see, People v Walsh, 262 NY 140, 149). Rosario shifted the burden of determining impeachment to the defense attorney and required the People "to give to the defendant, for use during cross-examination, any nonconfidential written or recorded statements of a prosecution witness that relate[s] to the subject matter of the witness’ testimony” (People v Banch, 80 NY2d 610, 615). The rule was based upon "notions of fundamental fairness” or as it was termed in Rosario "a right sense of justice” (at 615). This sense of fairness was adopted by the New York Legislature which imposed a statutory obligation on the People (CPL *662 240.45 [1] [a]) to turn over such papers and added a reciprocal obligation on the part of defendants (CPL 240.45 [2] [a]).
What constitutes statements under Rosario? Normally, any relevant written or recorded statement or videotape made by a witness. This has been expanded to include any notes taken by a police officer, investigator or member of the District Attorney’s office and includes statements made either to the police or in some cases private parties (see, People v Perez, 65 NY2d 154). The rule also includes any investigator or members of the District Attorney’s office who summarize a witness’ response to questions asked during the course of investigation (see, People v Consolazio, 40 NY2d 446; People v Delace, 174 AD2d 688). A further requirement in the Rosario area is that the People must be in possession of such material (People v Flynn, 79 NY2d 879). In unusual cases, the courts have imposed a duty on the part of the prosecutor to obtain Rosario material based on constructive possession (People v Fields, 146 AD2d 505), but this extension appears to be limited to agencies with special links to the prosecution or who perform law enforcement duties (see, People v Washington, 196 AD2d 346).
II. COMPETENCY HEARING
The conviction of an accused person while he is legally incompetent violates his constitutional right to due process (Bishop v United States, 350 US 961). Consequently, one is constitutionally entitled to a hearing to determine a valid issue of competency (Pate v Robinson, 383 US 375).
CPL article 730 deals with competency in New York State. CPL 730.30 outlines the procedure dealing with a court-ordered examination and sets the statutory requirements for subsequent hearings. Normally, it will be the defendant or the District Attorney who initially raises the issue of whether or not the defendant is "an incapacitated person” (CPL 730.10 [1]). However, the court also has discretion, indeed the obligation, to issue an order of examination "when it is of the opinion that the defendant may be an incapacitated person” (CPL 730.30 [1]; see also, People v Armlin, 37 NY2d 167). Therefore, the "defendant’s competency can be raised by any party or through warning signals that cause the court to question the defendant’s competency” (People v Picozzi, 106 AD2d 413, 414). The standard to be applied in determining whether a defendant is competent to stand trial is whether he *663 has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him (People v Picozzi, supra, at 413). The factors which the court might consider on the issue of competency are whether the defendant: "(1) is oriented as to time and place; (2) is able to perceive, recall and relate; (3) has an understanding of the process of the trial and the roles of Judge, jury, prosecutor and defense attorney; (4) can establish a working relationship with his attorney; (5) has sufficient intelligence and judgment to listen to the advice of counsel and, based on that advice, appreciate (without necessarily adopting) the fact that one course of conduct may be more beneficial to him than another; and (6) is sufficiently stable to enable him to withstand the stresses of the trial without suffering a serious prolonged or permanent breakdown” (People v Picozzi, supra, at 414, citing People v Valentino, 78 Misc 2d 678, 679-690).
Basically then, the determination of a defendant’s competency to proceed is a "judicial determination to be made by the court upon considering the reports of the psychiatric examiners and their testimony, as well as any additional available evidence” (People v Gans, 119 Misc 2d 843, 846), and it is based upon the defendant’s right to due process at a fair trial (see, Pate v Robinson, supra).
III. ROSARIO AND PRETRIAL HEARINGS
Soon after the Rosario decision (supra), People v Malinsky (15 NY2d 86) extended the cross-examination doctrine to pretrial hearings by pointing out (at 90) that "a right sense of justice” allows the defense to ascertain what a witness previously said and "it matters not whether the witness is testifying upon a trial or at a hearing.” The hearing in Malinsky concerned probable cause at a Mapp hearing.
This doctrine was statutorily extended to pretrial hearings by CPL 240.44 (cf., People v Banch, 80 NY2d 610, 615, supra). With this background the court turns to the issue raised. Namely, does the Rosario doctrine apply to a competency hearing? The People maintain that Rosario is inappropriate for a competency hearing; defendant argues the opposite and advances two grounds to support his position. The first deals with case law; the second with statutory law. As regards case law, defendant maintains that Malinsky (supra) applied the Rosario doctrine both to a trial situation and a hearing. *664 Similarly People v Banch (supra) applied the Rosario sanctions to a suppression hearing. Basically then, defendant argues that the Court of Appeals ruled that Rosario is applicable to pretrial hearings.
The second point deals with CPL 240.44. This section reads, in pertinent part:
"Discovery; upon pre-trial hearing.
"Subject to a protective order, at a pre-trial hearing held in a criminal court at which a witness is called to testify, each party, at the conclusion of the direct examination of each of its witnesses, shall, upon request of the other party, make available to that party to the extent not previously disclosed:
"1. Any written or recorded statement, including any testimony before a grand jury, made by such witness other than the defendant which relates to the subject matter of the witness’s testimony.”
Defendant maintains that this section applies to any pretrial hearing and would include a competency hearing.
The People acknowledge that the Court of Appeals permitted Rosario to be applied to hearings in both Malinsky and Banch (supra). However, the prosecution contends that the hearings referred to in both these cases were evidentiary in nature and concern suppression matters or have an immediate bearing on guilt or innocence. In effect, this reasoning would limit Rosario to evidentiary hearings. As regards CPL 240.44 dealing with pretrial hearings the People reason that this section refers only to pretrial motions in CPL article 255. They argue that only a suppression hearing pursuant to CPL 255.10 (f) is applicable to Rosario. In addition, the People maintain that prior cases dealing with pretrial hearings show that the courts were reluctant to extend Rosario to nontrial situations. Thus, in People v Chester (91 Misc 2d 551) the Supreme Court refused to apply Rosario to a challenge regarding the composition of the Monroe County jury pool (CPL 270.10) ruling (at 560) that "the Rosario doctrine [is] inapplicable to this proceeding.” Similarly the Criminal Court in People v Landers (97 Misc 2d 274) refused to extend Rosario to a preliminary hearing since the court felt that this form of hearing was limited to whether or not the crime was committed and had no bearing on an ultimate finding of guilt. This position had been earlier adopted by the Appellate Term, First Department, in People v Epps (67 Misc 2d 907). However, even if the prior decisions limited Rosario to evidentiary matters, *665 the enactment of CPL 240.44 and 240.45 would now modify such views.
IV. CONCLUSION
Evaluating the arguments presented, this court concludes that the unambiguous language of CPL 240.44 governs the scope of Rosario in regard to pretrial hearings. The statute uses the term "a pre-trial hearing” and logically this would refer to any pretrial hearing. Nor have the People presented any authority which would restrict the statute to only those pretrial motions set forth under CPL article 255. In addition, Peter Preiser’s Practice Commentaries on the CPL (McKinney’s Cons Laws of NY, Book 11A, CPL 240.44, at 284) indicates "that the exchange of Rosario material is required at any pre-trial hearing.” This view would exclude the narrow interpretation advocated by the People.
It would appear that the true issue in this case is not whether the psychiatrists’ handwritten notes deal with evidentiary matters, but whether or not these notes constitute Rosario material in the first place. The classical holding in People v Rosario (9 NY2d 286, 289, supra) establishes that: "As long as the statement relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential, defense counsel should be allowed to determine for themselves the use to be made of it on cross-examination.”
In the case at bar, the defendant seeks the handwritten notes of the three examining psychiatrists. Since these notes were later translated into the doctors’ formal reports and there is no question of confidentiality, this court finds that these documents do refer to the witness’ testimony and therefore logically constitute Rosario material. It is to be noted that laboratory report notes (People v Christopher, 101 AD2d 504, 525) and doctor’s notes (People v Blagrove, 183 AD2d 837, 838) both have been regarded as Rosario material in prior cases although not in a competency contest. Finally, although competency does not deal with evidentiary matter it does have a major bearing on the defendant’s liberty (see, Pate v Robinson, 383 US 375, supra) and in this respect it is just as important as a suppression hearing.
In the recent case of People v Favors (Sup Ct, Queens County, indictment No. N 10794-92), this court was faced with the situation in which a detective was testifying at a speedy trial hearing. The officer was relating his efforts to locate an *666 absent defendant and testified that during the course of his investigation, all dates, times, addresses, people contacted and follow-ups were jotted down on a Form 38. This form was subsequently lost or destroyed but the officer stated that the contents of this memorandum were incorporated into a typewritten W.O.L.F. Form which was introduced as evidence.
An issue arose as to whether the missing Form 38 was Rosario material. This court concluded that it was because the notes taken by a police officer in the course of his duties related to his testimony and should be introduced at a pretrial hearing pursuant to CPL 240.44.
The application to turn over the handwritten notes of the three examining psychiatrists on the grounds that they constituted Rosario material is therefore granted for the reasons set forth above.