Joseph J asp an, J.
The defendant, after examination by two psychiatrists pursuant to an order of this court, was found by each to be an incapacitated person, one who by reason of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense (CPL 730.30, subd 1). He was not found to be dangerous to himself or anyone else.
In accordance with CPL 730.30 (subd 3), a hearing was held before me on March 1, 1976, at which time the People moved to confirm the report and the defendant opposed.
At the hearing the psychiatrists reaffirmed their views about the defendant adding that he had apparently suffered brain damage, had a marked speech defect impairing his ability to communicate and suffered from moderate mental retardation.
The defendant offered testimony by a psychiatrist and school psychologist and the principal of the James E. Allen Learning Center of the Board of Co-operative Educational Services. These witnesses agreed that the defendant was educably retarded with an I.Q. of 52 in 1972 and 68 in 1975, but they believed that the defendant could comprehend the trial proceedings and nature of the problem which he faced. They conceded however that the defendant was in the mentally deficient range of intelligence and had difficulty with abstract matters and that the structured setting of a court might confuse him.
*1059 At the conclusion of the hearing, I found the defendant to be an incapacitated person unable to understand the proceedings against him or to assist in his defense. I withheld the entry of an order so that interested parties could determine whether there was some means of avoiding the remand of the defendant to the jurisdiction of the Department of Mental Hygiene as required by CPL 730.50 (subd 1). No such solution was found because of the provisions of that section which reads as follows: "When the indictment charges a felony or when the defendant has been convicted of a felony, [a superior court] must issue an order of commitment committing the defendant to the custody of the commissioner [of Mental Hygiene] for care and treatment in an appropriate institution for a period not to exceed one year from the date of such order. Upon the issuance of an order of commitment, the court must exonerate the defendant’s bail if he was previously at liberty on bail.”
It became obvious at the conclusion of the hearing that the sole purpose of the defendant in opposing the motion to confirm the report was to avoid transferral from the friendly confines of the BOCES school for which he is well adjusted to the strange and apparently hostile atmosphere of another institution. In the BOCES school he is regarded as trainably retarded taking as much as six courses a day and has achieved the ability to pursue gainful employment. In that school he served as a restaurant busboy and did exceptionally well in that capacity.
Counsel for the defendant in the hope that he could find some vehicle by which the defendant could be maintained in the previously compatible facility has now moved to dismiss the indictment in the interests of justice as authorized by CPL 210.20 and CPL 210.40.
At the scheduled hearing on this motion April 2, 1976, both sides submitted and agreed that the court may rely for its determination upon the testimony taken at the CPL article 730 hearing.
A literal reading of the standards set forth in People v Clayton, (41 AD2d 204), would lead to the conclusion that since the defendant has not already suffered punishment and the issue of his guilt is in doubt, and the motion should be denied. But the Clayton standards were never intended as a judicial straight jacket in such conceptual and fluid matters as determinations of what constitutes the interests of justice.
*1060 By reason of the psychiatric findings, the defendant cannot be tried in this case. No societal purpose would be served by destroying the fragile security in which the defendant now operates. Every compelling human instinct seems to dictate that the defendant remain at his BOCES school in the hope that his development may continue and that he will not become part of the flotsam and jetsam of an uncaring society.
My understanding of the interests of justice would encompass a situation such as presented in this matter. Accordingly, the respective indictments of the defendant for burglary in the third degree and grand larceny in the third degree are dismissed.