OPINION OF THE COURT
Oscar Murov, J.
The papers in this proceeding reflect that the patient herein applies to this court, pursuant to section 9.31 of the Mental Hygiene Law, for a hearing to determine the need for his involuntary care and treatment.
*219 Patient was admitted to Kings Park Psychiatric Center on April 10, 1980 pursuant to section 9.37 of the Mental Hygiene Law, which provides, in pertinent part, as follows: "(a) The director of a hospital, upon application by a director of community services or an examining physician duly designated by him, may receive and care for in such hospital as a patient any person who, in the opinion of the director of community services or his designee, has a mental illness for which immediate inpatient care and treatment in a hospital is appropriate and which is likely to result in serious harm to himself or others”.
The very next day, his status was converted to a patient admitted pursuant to subdivision (a) of section 9.27 of the Mental Hygiene Law, i.e., "upon the certificates of two examining physicians, accompanied by an application for the admission of such person.” On that same day, patient requested a hearing, as noted above, to determine the need for his involuntary care and treatment.
At the outset, it must be noted that the United States Supreme Court in Addington v Texas (441 US 418), held that "clear and convincing proof’ is required by the Fourteenth Amendment to the Constitution in a civil proceeding brought under State law to commit an individual involuntarily for an indefinite period to a State mental hospital. Here, however, patient is sought to be detained for an initial period of 60 days, and he makes application pursuant to subdivision (a) of section 9.31 of the Mental Hygiene Law, which, at first blush, appears to make him a petitioner. Subdivision (a) of section 9.31 of the Mental Hygiene Law provides "If, at any time prior to the expiration of sixty days from the date of involuntary admission of a patient on an application supported by medical certification, he * * * gives notice in writing to the director of request for hearing on the question of need for involuntary care and treatment, a hearing shall be held as herein provided.”
One could contend that, since the language of the statute just quoted appears to make patient the applicant, he would thereby have the burden of proving by a fair preponderance of the evidence that he may safely be released (see Matter of Lublin v Central Islip Psychiatric Center, 43 NY2d 341), and if patient had made such application later in his period of detention, I might so hold. Here, however, I find that patient made his application as an incident to the total admission *220 procedure, and, therefore, for purposes of the standard of proof to be applied to this particular situation, the court holds that the standard of proof required by Addington v Texas (supra), i.e., "clear and convincing” proof is the standard to be applied here.
The court has examined the hospital record of this patient, and, in addition, has heard the testimony of two well respected physicians who both recommend that patient be retained until the termination of his "two P.C. status” (Mental Hygiene Law, § 9.27), which will occur on June 9, 1980. Based upon the record before me, and having in mind the patient’s well-being, as well as the interests of others and the community in general, I hold that the State has satisfied its burden of establishing by "clear and convincing” evidence that patient is afflicted with mental illness to such a degree that he is in need of treatment in a State mental facility until June 9, 1980.