OPINION OF THE COURT
Benjamin Altman, J.
Can a certified social worker be qualified as an expert to testify as to defendant’s mental capacity to proceed and defendant’s competency in the foreseeable future?
A motion to grant relief to the above-captioned defendant pursuant to the holding of the United States Supreme Court in Jackson v Indiana (406 US 715) was filed with this court, alleging that this defendant is an incapacitated defendant who cannot reasonably be expected to attain fitness to proceed in the foreseeable future. A hearing was directed for the purpose of allowing the defendant and the People to present evidence relative to the motion.
This case presents significant clinical and legal issues with respect to the adjudication of the defendant’s incapacity, the determination of the nature of the incapacitating condition(s), the prognosis for his recovery of capacity to proceed and as to what mental health services he requires.
In that respect, the defense has called Hillel Bodek, M.S.W., C.S.W., a certified social worker specializing in forensic clinical social work and offers him as an expert in *844 forensic mental health, to testify, as an expert witness, as to the diagnosis of the defendant’s mental condition, as to the defendant’s competence to proceed now and in the foreseeable future.
In moving to qualify Mr. Bodek as an expert in forensic mental health, the application of clinical expertise in the diagnosis and treatment of mental disorders (mental illness and developmental disabilities) to legal questions, defendant raises these questions:
Can a certified social worker be qualified to provide a diagnosis of a person’s (a) mental condition, (b) capacity to proceed, and (c) competency in the foreseeable future?
With regard to the question of whether or not a nonmedical mental health professional may diagnose mental disorders and provide an expert opinion as to that diagnosis, I note that clinical social work, as a profession, is one of the core mental health disciplines. As are psychiatrists and clinical psychologists, clinical social workers are skilled in the diagnosis and treatment of mental disorders. Psychiatrists, who are physicians, bring their expertise in the understanding of organic pathology, psychopharmacology and other somatic treatments to the mental health field. Clinical psychologists, being scientists who study human behavior as well as being nonmedical mental health professionals, bring their particular skills in research and in the study of behavior to the mental health field. It can be noted that clinical social workers, also nonmedical mental health professionals, bring their expertise in dealing with the relationship between social and emotional functioning as well as their expertise in social policy and in environmental intervention to the mental health field.
The Diagnostic and Statistical Manual of Mental Disorders — third edition (DSM III) represents the current guide for the diagnosis of mental disorders in the United States. The diagnostic criteria set forth in the DSM III were validated during field trials. These field trials were carried out by professionals from the disciplines of psychiatry, psychology, clinical social work and psychiatric nursing. Besides psychiatrists, psychologists and clinical social workers served on several of the advisory committees which developed this diagnostic guide and served as con *845 sultants to the task force which compiled it. This court is informed that a social worker, Janet Williams, M.S.W., served as coprincipal investigator and project co-ordinator for the reliability study and field trials of the DSM III. Further, throughout the DSM III references are made to its utilization by “clinicians”, not exclusively by psychiatrists. It is clear, that if one is to accept the DSM III as a valid and reliable guide, then one must accept that properly trained psychiatrists, psychologists, clinical social workers and psychiatric nurses are qualified to apply its diagnostic criteria in their diagnostic assessment of patients. I find no merit in any arguments that the application and use of the DSM III diagnoses should be limited to physicians and psychiatrists.
This court holds that even though they are not physicians, certified social workers who demonstrate appropriate training and supervised clinical experience in the diagnostic assessment of mental disorders may, within the scope of their license, make diagnostic assessments of a person’s mental condition and may qualify as experts in the diagnosis of mental disorders.
With regard to the issue of whether one who is not qualified to be a psychiatric examiner under CPL article 730 may qualify as an expert on the issue of competence to proceed, it is noted that CPL article 730 provides for the assessment of a defendant’s capacity to proceed by two psychiatrists (or, in the case of a mental defective, by one psychiatrist and one certified psychologist). The legislative history of CPL article 730 reveals that, originally, only psychiatrists were permitted to examine defendants on the issue of their competence to proceed. Later, when it was recognized that the skills of certified psychologists were needed in cases involving the mentally defective, the statute was revised to permit the substitution of a certified psychologist for one of the psychiatrists (yet, only in the case of a mental defective).
Notwithstanding the limitation on who may qualify as a psychiatric examiner in accordance with the provisions of CPL article 730, others who are experts have been permitted to so testify, with regard to the capacity of defendants to proceed, even though they did not meet the criteria to *846 qualify as psychiatric examiners. (See People v Burgess, 85 Misc 2d 1057 [expert testimony by a noncertified psychologist and by a school principal regarding the competence of one of their mentally retarded students].) Further, it is clear that, in any hearing on the competence of a defendant, opposing counsel would have the right to offer expert testimony, in addition to that of the psychiatric examiners, which might affect the judicial determination of competence to proceed. (See People ex rel. Anderson v Superintendent of Creedmoor State Hosp., 40 NYS2d 84.)
The determination of a defendant’s competence to proceed is a judicial determination to be made by the court upon considering the reports of the psychiatric examiners and their testimony, as well as any additional available evidence and testimony. The court should not ignore or discount the unassailed professional opinions of the psychiatric examiners; the determination of competence must be based on consideration of all of the evidence presented to it, not just the reports and testimony of the psychiatrists. (See People v Valentino, 78 Misc 2d 678; People v Grieco, 82 Mise 2d 500; People v Miller, 84 Mise 2d 310; People v Acevedo, 84 Misc 2d 563; People v Sanchez, 86 Misc 2d 81.) It has also been held that nonmedical though expert observations of a defendant’s behavior and mental status by a parole officer could form the basis of the court’s determination of competence to proceed. (United States v Makris, 535 F2d 899.) However, the major evidence this court has to consider are the reports and testimony of the psychiatrists for both sides.
The American Bar Association Task Force on Criminal Justice Mental Health Standards draft provisional standard on competence to stand trial states, “Where possible, the expert appointed by the court to perform the examination of the defendant’s competence to stand trial should be a person qualified by training and experience to offer testimony to the court on the issue of competence. The criteria for appointment of the expert should not depend on the type of academic degree held by such expert, but on the expert’s professional knowledge, ability, and experience.”
This court holds that a certified social worker who demonstrates appropriate training and supervised clinical ex *847 perience in the diagnosis of mental disorders and who, in addition, demonstrates appropriate training and supervised clinical experience in the assessment of capacity to proceed, may be qualified, as an expert, to testify with others on the issue of competence to proceed.
Turning to the issue of whether or not a certified social worker may be qualified to provide an expert opinion as to the prognosis for an incapacitated defendant to attain fitness to proceed in the foreseeable future, I take note that more than half of the psychotherapy services rendered in the United States are rendered by clinical social workers. As part of their treatment planning they regularly make prognostic assessments which are a normal part of the assessment of a patient by a mental health professional. A clinical social worker who demonstrates appropriate training and supervised clinical experience in the diagnosis and treatment of mental illness would be qualified to make an expert prognostic statement with regard to the mental condition of a patient.
It is noted that even though they are not specifically enumerated in the statutes addressing such issues, properly qualified clinical social workers have been permitted to provide expert testimony as to the current mental status and future prognosis of persons who have been charged with criminal offenses but acquitted by reason of insanity. (See Matter of Torsney, 66 AB2d 281, 290-291, 293-294, revd on other grounds 47 NY2d 667, 675-680; People v Giles, 192 Col 240.)
I hold, therefore, that a clinical social worker who evidences the necessary training and supervised clinical experience to make expert prognostic statements as to patients and who, in addition, demonstrates appropriate training and supervised clinical experience in the assessment of capacity to proceed, may provide along with others an expert opinion as to whether or not an incapacitated defendant can reasonably be expected to attain competence to proceed in the foreseeable future.
In the case at bar, based on extensive voir dire and inquiry into Mr. Bodek’s qualifications by the court, I find that he is qualified as an expert in forensic mental health, as defined as the application of expertise in the diagnosis, *848 assessment and treatment of mental disorders and of a person’s psychosocial functioning to legal questions, and I admit his testimony as expert with regard to the diagnosis and prognostic assessment of the defendant’s mental illness and as to the clinical-legal issues presented in this case, competency and Jackson relief.
Accordingly, I rule that Mr. Bodek’s testimony regarding the diagnosis and assessment of the defendant’s mental condition, as to the defendant’s competence to proceed and as to whether or not the defendant can be expected to attain fitness to proceed in the foreseeable future, be admitted as expert testimony.
Although the court does not rule as to the weight to be given Mr. Bodek’s testimony, the response to the question: Can a certified social worker be qualified as an expert to testify as to defendant’s mental capacity to proceed and defendant’s competency in the foreseeable future? is in the affirmative.