In the Matter of BARBARA W.

Supreme Court, Albany County, October 26, 1988

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Steven H. Schwartz* of counsel), for petitioner. *Veronica D. Pierce* for Barbara W.

**OPINION OF THE COURT**

VINCENT G. BRADLEY, J.

On October 6, 1988, Barbara W. was involuntarily admitted to the Capital District Psychiatric Center (CDPC) pursuant to Mental Hygiene Law § 9.27. On October 17, 1988, Ms. W. requested a court hearing "on the question of need for involuntary care and treatment" (Mental Hygiene Law § 9.31 [a]). The hearing was commenced before this court on October 20, 1988. The CDPC, having the burden in section 9.31 retention

hearings of showing by clear and convincing proof the need for involuntary treatment and care *(see, Matter of Rochman,* 104 Misc 2d 218 [1980]), called as its first witness Helene Kasenko. Ms. Kasenko is a registered nurse and out-patient psychiatric therapist who counselled Ms. W. for several years prior to Ms. W.'s involuntary admission.

At the hearing, upon learning that Ms. Kasenko would testify, Ms. W., by her counsel, objected to her testimony on the grounds of nurse-patient privilege (CPLR 4504). In response, CDPC maintains that by requesting a hearing pursuant to Mental Hygiene Law § 9.31, Ms. W. has placed in issue her mental condition, thereby waiving any nurse-patient privilege she may have. This court disagrees. Apparently, this is an issue of first impression, and there no precedent exists to guide the court. Nevertheless, it seems clear that it is the CDPC, rather than Ms. W., which has placed her mental health in issue by receiving her for involuntary care. By requesting a retention hearing, Ms. W. has merely invoked her statutory due process right to put CDPC to its burden of proof on the issue that it, not Ms. W., has raised.

Accordingly, as the court finds that Ms. W. has not waived any patient privilege as to voluntary communications with Ms. Kasenko prior to her involuntary admission to CDPC, the objection is sustained. The court also finds, however, and Ms. W.'s counsel agree, that any physician-patient or nurse-patient privilege which Ms. Kasenko has does not extend to communications with the physicians responsible for her involuntary admission and communications with other physicians and nurses subsequent to the admission which are otherwise admissible.