[609 NYS2d 936]

# In the Matter of THOMAS C., Appellant.

Second Department, April 11, 1994

### APPEARANCES OF COUNSEL

*Mental Hygiene Legal Service, Second Judicial Department,* Mineola *(Gerald W. Kaplan, Dennis B. Feld* and *Lesley M. DeLia* on the brief), for appellant.

*G. Oliver Koppell, Attorney-General,* New York City *(Yolanda M. Pizarro* and *Edward J. Curtis, Jr.,* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

On this appeal we are asked to consider whether the Supreme Court, Richmond County, presiding over the prosecution of the appellant, could properly transfer venue to Orange County, where the appellant was committed to a psychiatric center, for the purpose of holding a competency hearing on a new order of retention applied for by the Commissioner of Mental Health pursuant to CPL 730.50 (2).

Following the appellant's indictment, *inter alia,* for murder in the second degree in Richmond County, the Supreme Court, Richmond County, by order dated September 19, 1990, found him to be incapacitated to stand trial, and directed that he be temporarily committed pursuant to CPL 730.50 to the custody of the Commissioner of Mental Health until such time as he became fit to proceed to trial. The appellant was thereafter committed to the Mid-Hudson Psychiatric Center in Orange County for a period not to exceed one year (CPL 730.50 [1]).

In August 1991 the Director of the Mid-Hudson Psychiatric Center, on behalf of the Commissioner, applied for a new order of retention pursuant to CPL 730.50 (2), on the ground that the appellant remained incapacitated and in need of further treatment. On September 20, 1991, when the parties appeared in court, the Attorney-General's office, on behalf of the Commissioner, moved for a change of venue to Orange County. Over opposition by the appellant, joined by Mental Hygiene Legal Service and the District Attorney of Richmond County, the court granted the motion and changed venue to Orange County.

█ We conclude that the Supreme Court erred in granting the motion for a change of venue. CPL 730.50 (2) provides in

pertinent part: "When a defendant is in the custody of the commissioner immediately prior to the expiration of the period prescribed in a temporary order of commitment and the superintendent of the institution wherein the defendant is confined is of the opinion that the defendant continues to be an incapacitated person, such superintendent *must apply to the court that issued such order for an order of retention * * *￼* Upon receipt of such application, the court may, on its own motion, conduct a hearing to determine the issue of capacity, and it must conduct such hearing if a demand therefor is made by the defendant or the mental hygiene legal service within ten days from the date that notice of the application was given" (emphasis supplied).

The statutory language is clear and unambiguous in its direction that the court that issued the original order of commitment is to conduct any subsequent hearing on an application for an order of retention. There is nothing in CPL article 730 that provides for a change of venue, and the court's reference in its decision to the "best interests" of the parties creates a standard, apparently derived from CPLR 510, which is not applicable to the instant proceeding *(see, Matter of Tucker,* 145 Misc 2d 1011).

We note, in addition, that the parties concede that even were the appellant to be adjudged fit for trial following a hearing in Orange County, he would have to demonstrate his capacity a second time to the Supreme Court, Richmond County, before his criminal case could proceed. Such duplicative proceedings would unduly burden the appellant, as well as waste judicial resources.

■ Finally, we recognize that while this appeal was pending, the staff at Mid-Hudson Psychiatric Center found the appellant fit to stand trial, and discharged him back to the Supreme Court, Richmond County. There, following a new competency hearing in December 1993, the appellant was again found unfit, and he was remanded back to the custody of the New York State Commissioner of Mental Health pursuant to a new order pursuant to CPL 730.50. Although the instant appeal is therefore academic, we find it appropriate to address the novel and significant issue that it raises because it has happened with some frequency in the past and is likely to recur in the future, and typically evades review due to the brief duration of such retention orders relative to the time it takes to appeal from them *(see, Matter of Fosmire v Nicoleau,*

75 NY2d 218; *Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430).

Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied.