OPINION OF THE COURT
Howard Berler, J.
This is an application pursuant to Public Health Law § 2120 for an order directing that respondent be committed to South-side Hospital, Bay Shore, New York, and submit to such treatment or isolation, or both, as long as may be necessary to terminate a communicable state of tuberculosis as indicated in section 2123 of the Public Health Law.
*530 The issues pursuant to this application were eventually resolved with an order consented to and approved by the par.ties and the respective attorneys, thus obviating the hearing required by section 2120 of the Public Health Law.
Prior to said consent order the issue with respect to the burden of proof was raised, which appears to be a case of first impression with respect to the Public Health Law.
The court held that a petition requesting involuntary detention must be proved by “clear and convincing evidence”.
The two most widely recognized burdens of proof are the “fair preponderance of the evidence” standard widely used in civil cases and the “beyond a reasonable doubt” standard which preponderates in criminal cases. Between these two burdens of proof is an intermediate standard of proof known as “clear and convincing evidence.” (See, Addington v Texas, 441 US 418, 423-424 [1979]; see also, Matter of Rochman, 104 Misc 2d 218 [Sup Ct, Suffolk County 1980].) The party bearing the burden of establishing a fact by clear and convincing evidence must satisfy the trier of fact that what he claims is actually so (see, Prince, Richardson on Evidence § 3-205 [Farrell 11th ed]). The Court of Appeals has recognized the applicability of the standard in civil cases when the “denial of personal or liberty rights” is at issue (see, Matter of Capoccia, 59 NY2d 549, 553 [1983]) or when “particularly important personal interests are at stake” (Matter of Storar, 52 NY2d 363, 379 [1981], cert denied 454 US 858 [1981]). Richardson on Evidence (§ 3-205, op. cit.) contains an exhaustive list of examples in which a variety of policy imperatives dictate adoption of the higher standard of probability reflected by the term “clear and convincing”. This situation clearly calls for utilization of this standard in that an individual is sought to be detained against his will. Although there is no mention of this standard in Public Health Law § 2120 or otherwise in said Public Health Law, this situation is analogous to situations where, because of mental infirmity, a person is sought to be detained in a mental facility against his will pursuant to Mental Hygiene Law (see, Addington v Texas, supra). Matter of Rochman, supra). In such situations, where the petitioner is a governmental agency, it must sustain its petition calling for involuntary detention of a person by clear and convincing evidence. Accordingly, this standard shall also govern here where detention is sought pursuant to Public Health Law § 2120.