■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANONYMOUS, Appellant. [726 NYS2d 547] —Appeal from order,

Supreme Court, New York County (Marcy Kahn, J.), entered on or about March 9, 2000, which, insofar as appealed from, directed that if, after review pursuant to *Jackson v Indiana* (406 US 715), the Commissioner of Mental Health secures an order civilly committing defendant pursuant to article 9 of the Mental Hygiene Law, the Commissioner shall provide for the continuing review of defendant's mental condition and the extent to which his condition interferes with his capacity to understand the charges against him or to participate in his own defense; that, in such event, prior to any discharge, release or other similar change in status, the Commissioner shall provide the People and defense counsel with advance notice along with a summary report; and that, in such event, the People and defense counsel shall be supplied with summary reports as to defendant every six months, unanimously dismissed as taken from a nonappealable order.

The order appealed from is not a disposition listed in CPL 450.10 or 450.15, and the Criminal Procedure Law provides the sole bases for criminal appeals (*see, People v Stevens*, 91 NY2d 270, 277). The motion court was not "acting solely in the exercise of its civil jurisdiction" (CPL 10.10 [7]). Defendant remains under criminal indictment (*see, People v Schaffer*, 86 NY2d 460, 468), and the order clearly arose out of the criminal proceeding against him (*see, People v Santos*, 64 NY2d 702). Concur—Sullivan, P. J., Nardelli, Ellerin, Buckley and Marlow, JJ.