OPINION OF THE COURT
Matthew J. D’Emic, J.
The defendant, indicted for murder, was found unfit to stand trial on December 18, 2006 and committed to the custody of the Commissioner of the New York State Office of Mental Health for treatment at Kirby Forensic Psychiatric Center pursuant to Criminal Procedure Law § 730.50 (1). Retention orders were entered on January 31, 2008 and December 11, 2008, and the director of the treating facility now seeks a further order of retention (CPL 730.50 [2]). The doctors also recommend the court consider converting the defendant’s criminal commitment to civil status, or for release under Jackson v Indiana (406 US 715 [1972]).
Defendant by his attorney, Mental Hygiene Legal Services, now moves for relief under Jackson v Indiana (supra), and in doing so, seeks to exclude participation by the Kings County District Attorney in both the retention application and the Jackson application. In turn, the District Attorney opposes the application and cross-moves to intervene in the event the defendant’s motion to exclude him from the hearings were granted (CPLR 401, 1012, 1013).
That a person may not be held to stand trial while mentally incompetent is by no means a recently established rule (see 4 Blackstone, Commentaries on the Law of England, at 24). It is fundamental to our adversarial system of justice that an individual who lacks the capacity to understand the proceedings or assist in his own defense may not be subjected to trial (Drope v Missouri, 420 US 162 [1975]; Dusky v United States, 362 US 402 [I960]). Mental competency is essential to the integrity of the criminal proceedings (People v Harris, 14 Cal App 4th 984 [1993]; Pouncey v U.S., 349 F2d 699 [1965]). The right not to be adjudged a criminal while incompetent is a fundamental principle of due process (Medina v California, 505 US 437 [1992]).
As correctly noted by the defense, once a defendant is found unfit to stand trial, the order of commitment, based on the principles set forth above, suspends the criminal action until fitness is restored, at which point he can stand trial.
This suspension, however, merely puts on hold the criminal trial until, under the principles of fairness and due process *883 recited above, the defendant “has the ability to consult with his lawyer with a reasonable degree of rational understanding” and to have a rational, as well as factual understanding of trial proceedings (Dusky v United States at 403).
This does not, in the court’s view, preclude the local district attorney from contesting continued unfitness in a retention application, or presenting evidence in a Jackson hearing.
For although unfitness “suspends” the commencement of a criminal trial, this postponement does not end the prosecution of a felony and certainly does not terminate the interest of the elected prosecutor. The statutory scheme of Criminal Procedure Law article 730 places the burden of proving fitness at the initial hearing on the district attorney (CPL 730.30 [3]; People v Santos, 43 AD2d 73 [1973]). It is only reasonable to believe that the Legislature intended to continue this role of the prosecutor at subsequent hearings that effect the status of the defendant’s criminal case. Interpreting the notice provisions of CPL 730.50 (2) as limiting the district attorney to the role of observer in retention and Jackson proceedings is too narrow and does not comport with the legislative directive that no incompetent defendant’s custodial status be changed, except on notice to the district attorney (CPL 730.60 [6] [a] [1]).
Moreover, it has been the practice of the courts of this state for the district attorney to be a party in both retention and Jackson proceedings (see e.g. People v Phillips, 16 NY3d 510 [2011]; People v Lewis, 95 NY2d 539 [2000]; People v Escobar, 61 NY2d 431 [1984]; Matter of Thomas C., 196 AD2d 393 [1994]; People v D.J.H., 32 Misc 3d 1231[A], 2011 NY Slip Op 51514[U] [2011]; People v A.S., 30 Misc 3d 1220 [2011]; People v Simowitz, 124 Misc 2d 431 [1984]; People v Gans, 119 Misc 2d 843 [1983]; People ex rel. Ardito v Trujillo, 109 Misc 2d 1009 [1981]; People v Arendes, 92 Misc 2d 372 [1977]) since at least 1974. In addition, the notice forms for retention formulated under CPL 730.50 (2) provide for notice to the county’s district attorney (22 NYCRR subtit D, ch 6, form 16-h).
The court is not suggesting that a long-standing practice, if wrong, should continue to stand. However, the question of competency is a legal one and not a medical one and must be legally decided (People v Valentino, 78 Misc 2d 678 [1974]; Alexander v State, 380 So 2d 1188 [1980]). It is reasonable then that the legal representative of the people of the county be a participant. Determinations of fitness in retention hearings and granting of Jackson applications affect the public and the public’s *884 interest in the future of the criminal prosecution. The welfare of the mentally ill accused needs to be weighed against the safety of the public (People v Schaffer, 86 NY2d 460, 468-469 [1995]). This can only be achieved with the input of the elected county district attorney, the one officer who is alone “the servant of the law, the twofold aim of which is that guilt shall not escape [n]or innocence suffer” (Berger v United States, 295 US 78, 88 [1935]).
Additionally, when an accused places his psychiatric condition in issue, the search for the truth demands that his claims be tested (People v Edney, 39 NY2d 620 [1976]; People v Cruickshank, 105 AD2d 325 [1985]). This should no less be true at a hearing in which an accused seeks to avoid responsibility through a claim of incompetency than it is at a trial in which an accused seeks to avoid responsibility through a claim of mental disease or defect. The prosecutor’s right to contest the defendant’s contentions are no less “grounded on principles of fairness” and no less “essential to preserving the integrity of the fact-finding process” in the former than in the latter (People v Berk, 88 NY2d 257, 264-265 [1996]).
Justice William Erlbaum of Queens County expressed the balance among the parties very well in People v D.J.H. (32 Misc 3d 1231 [A], 2011 NY Slip Op 51514[U], *2 n 2 [2011]):
“The State’s interests are represented by two different offices. The Queens County District’s Attorney’s Office represents the People of Queens County, in that the crime charged occurred in their jurisdiction. The Commissioner of Mental Health, and in turn The Office of Mental Health, as well as Mid-Hudson Psychiatric Center, are represented by the Office of the New York State Attorney General. It is not unusual for these two offices to work together, as they did in this case, in this type of hearing.”
In sum then, if, as Mental Hygiene Legal Services now contends, the defendant and commissioner agree to retention in the hospital, and the district attorney has no role to play, a contest is impossible and the public has no voice in the proceedings. Likewise, in a Jackson application, which effectively ends the criminal prosecution (People v Phillips, 16 NY3d 510, 523 n 4 [2011, Lippman, Ch. J., dissenting]; Matter of Mollen v Mathews, 269 AD2d 42 [2000]), it is difficult to understand how a court could properly fulfill its obligation to render a legal de *885 termination “based on . . . all of the evidence presented to it, not just the reports and testimony of the psychiatrists” (People v Gans, 119 Misc 2d 843, 846 [1983]).
In conclusion, the court finds the defense contention that CPL 730.50 does not provide for notice to the district attorney in retention hearings, suspends the criminal proceeding until restoration of fitness as well as cited dicta in several cited cases, none of which address the issue presented here, are sufficient to support the preclusion of the prosecutor in these proceedings. It is the court’s view that only the local prosecutor’s insistence on independent proof can protect the public and he should be allowed to present opposition to the experts’ diagnoses and prognoses to allow the court to make the proper legal findings after considering all of the evidence.
The motion to exclude the district attorney from participating in the retention and Jackson applications is denied. Based on this decision the court is not considering the People’s application to intervene as moot.